UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-663-BAJ-SDJ** |
| **NATIONSTAR MORTGAGE LLC** | |

## ORDER

Before the Court is a Motion to Compel Discovery Responses (R. Doc. 47), filed on August 5, 2021, by Defendant, Nationstar Mortgage LLC.  In its Motion, Nationstar seeks an order compelling Plaintiff, Reginald Williams, to respond to deposition questions about conversations with his therapist regarding the instant litigation.[1]  In addition, Nationstar requests "reasonable costs and attorney's fees incurred" as a result of this Motion.[2]  Plaintiff opposes this Motion, filing his Opposition thereto on August 17, 2021 (R. Doc. 53).  For the reasons set forth below, Nationstar's Motion is **granted in part and denied in part**.

**I.     Motion to Compel**

According to Nationstar, Plaintiff's deposition was taken on July 28 and 29, 2021.[3]  During the deposition, defense counsel "questioned the Plaintiff on his counseling sessions with Holly Besse, a licensed professional counselor whom Plaintiff has identified as providing treatment for his alleged mental anguish."[4]  As part of document production in this case, Plaintiff produced the session notes from his meetings with Besse.[5]  The session notes make reference to discussions

---

[1] R. Doc. 47 at 1.
[2] R. Doc. 47-1 at 5.
[3] *Id.* at 1.
[4] *Id.*
[5] *Id.*

between Plaintiff and Besse regarding this case as well as discussions Plaintiff had with his attorney about the case.[6] As such, during Plaintiff's deposition, defense counsel questioned Plaintiff about his conversations with Besse regarding this case and his discussions with his attorney.[7] Plaintiff's counsel, however, objected to these questions, claiming Plaintiff's discussions with his attorney are protected by the attorney-client privilege, and instructed Plaintiff not to answer the questions for the same reason.[8] Believing Plaintiff waived his attorney-client privilege in disclosing to Besse his discussions with his counsel, Nationstar filed the instant Motion to Compel. In its Motion, Defendant seeks an order compelling Plaintiff "to fully answer Nationstar's deposition questions regarding his conversations with Holly Besse regarding this case and his discussions with his attorney regarding this case."[9]

Plaintiff argues in response that, instead of disclosing specific communications with his attorney, Plaintiff provided only "his own evaluation of certain communications he had with his attorney."[10] As such, per Plaintiff, "these references do not constitute a waiver of the attorney client privilege."[11] Plaintiff further claims that, should waiver be found, Plaintiff's discussions with Besse do not involve disclosures of a significant portion of the confidential communications between Plaintiff and his counsel, meaning there is no waiver of the attorney-client privilege as a whole.[12] Plaintiff then argues that, even if the Court finds that a significant portion of the communications was disclosed, subject matter disclosure is not warranted pursuant to Federal Rule of Evidence 502 ("FRE 502").[13] In the alternative, Plaintiff asserts that if the Court determines

---

[6] *Id.*
[7] *Id.* at 2.
[8] *Id.*
[9] R. Doc. 47 at 1.
[10] R. Doc. 53 at 5.
[11] *Id.*
[12] *Id.*
[13] *Id.* at 5-6.

the strictures of Rule 502 do not apply, the alleged waiver of the attorney-client privilege should extend only to communications related to the same subject matter.[14]

Here, the question is whether Plaintiff has waived his attorney-client privilege by disclosing to his treating therapist discussions he had with his attorney. In general, disclosure of confidential attorney-client communications to a third party waives the attorney-client privilege. *See Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999) ("When relayed to a third party that is not rendering legal services on the client's behalf, a communication is no longer confidential, and thus it falls outside of the reaches of the privilege."); *Tonti Mgmt. Co., Inc. v. Soggy Doggie, LLC*, No. 19-13134, 2020 WL 9172077, at *4 (E.D. La. June 25, 2020) ("Disclosure of privileged communications to a third party generally eliminates the confidentiality of the attorney-client privilege and serves to waive the privilege."). While the case law on the issue of whether disclosure of confidential attorney-client communications to a treating mental health professional also waives the privilege is sparse, courts have found that such disclosures do, in fact, waive any attorney-client privilege that may have attached to the communications. *See Salser v. Dyncorp Int'l, Inc.*, No. 12-10960, 2014 WL 7139886, at *4 (E.D. Mich. Dec. 12, 2014) (finding plaintiff's "disclosure of information to her therapist about her attorney and about her case constitutes a waiver of the attorney-client privilege"); *Ziemann v. Burlington County Bridge Comm'n*, 155 F.R.D. 497, 503 (D.N.J. 1994) (patient's disclosure of advice from her attorney to her therapist, as recorded in the therapist's notes, "waived the attorney-client privilege that previously attached to the communication"). Based on Plaintiff's disclosure of information discussed with her attorney to her therapist, a third party, and his production of session notes, the Court finds that Plaintiff has waived the attorney-client privilege. *See Indus. Clearinghouse, Inc. v. Browning Mfg. Div. of*

---

[14] *Id.* at 6.

*Emerson Elec. Co.*, 953 F.2d 1004, 1007 (5th Cir. 1992) ("The confidentiality of a client's communications may be compromised either through the publication of evidence of the communications themselves or through the publication of evidence of attorney statements or documents that disclose the client's confidential communications.").

However, the Court finds that the entire attorney-client privilege has not been waived. First, disclosure of a "significant portion" of the confidential communications with his attorney by a client results in a complete waiver of the privilege. *See Nguyen*, 197 F.3d at 208 ("Disclosure of any significant portion of a confidential communication waives the privilege as to the whole."); *Indus. Clearinghouse,* 953 F.2d at 1007 (same). Second, FRE 502 limits any waiver to the actual disclosures at issue. According to FRE 502(a):

> When the disclosure is made in a federal proceeding ... and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

As further explained in the Advisory Committee Notes for FRE 502, regarding "Subdivision (a),":

> The rule provides that a voluntary disclosure in a federal proceeding or to a federal office or agency, if a waiver, generally results in a waiver only of the communication or information disclosed; a subject matter waiver ... is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary.[15]

Courts have provided additional clarification, finding that subject matter waiver under FRE 502(a) "is limited 'to situations in which a party intentionally puts protected information into the litigation in a selective, misleading *and* unfair manner.'" *RLIS, Inc. v. Cerner Corp.*, No. 12-209, 2014 WL

---

[15] Advisory Committee Notes for FRE 502, Explanatory Note (Revised 11/28/2007).

12599509, at *1 (S.D. Tex. Dec. 24, 2014) (quoting Fed. R. Evid. 502(a) advisory committee's note).

Here, the references to communications between Plaintiff and his attorney found in the session notes, as listed by Plaintiff in his Opposition, are:

1) His lawyer is pressuring him to settle for the 90,000 the opposing counsel is offering, but Reginald is refusing.

2) He also had a good conversation with his lawyer regarding the case and they are both on the same page now regarding what he is willing to accept in a settlement.

3) He is somewhat upset that his lawyer didn't submit the correct paperwork and their trial has been pushed back to January 2022.

4) He has had a talk with his lawyer to not push it back anymore because he took time off in May for court and now it's not happening.[16]

The Court, after reviewing all session notes filed by Nationstar under seal, agrees with Plaintiff that these are the statements that disclose confidential communications he made with his attorney. While other references are made to this case in the session notes, they either pertain to Plaintiff's reactions to or feelings about the case or are simply facts about the case. Based on these disclosures, the Court does not find that Plaintiff disclosed a "significant portion" of his confidential communications with his attorney. As such, there is no complete waiver of the attorney-client privilege. Additionally, as Plaintiff has claimed—and Nationstar has not challenged—these "disclosures were not intentional" waivers, meaning all three elements of an FRE 502(a) subject matter disclosure are not met.[17] Moreover, the Court does not find that additional disclosures are needed to "to prevent a selective and misleading presentation of evidence" to Nationstar's disadvantage or that Plaintiff produced this information in an unfair or

---

[16] R. Doc. 53 at 2. The Court notes that these statements are taken from notes for sessions occurring on March 9, 2021; March 24, 2021; and April 7, 2021. *Id.*
[17] *Id.* at 6.

misleading manner and notes that Nationstar is not specifically seeking any other disclosures. As such, the Court finds that the waiver of the attorney-client privilege by Plaintiff extends only to these specific disclosures.

"[B]ecause the assertion of privileges inhibits the search for truth, the attorney-client privilege is generally construed narrowly by courts." *Stoffels v. SBC Commc'ns, Inc.*, 263 F.R.D. 406, 410 (W.D. Tex. 2009) (quoting *Trammel v. U.S.*, 445 U.S. 40, 50, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980)). In its Motion to Compel, as stated above, Nationstar seeks an order compelling Plaintiff "to fully answer Nationstar's deposition questions regarding his conversations with Holly Besse regarding this case and his discussions with his attorney regarding this case."[18] Based on Plaintiff's disclosures, the Court will grant Nationstar's request in part. As the Court has found a waiver of the disclosures listed above, should Nationstar re-depose Plaintiff, Plaintiff is required to answer questions about the particular disclosures set forth above. Nationstar, however, is cautioned that it should strictly adhere to the boundaries set forth in this Order.[19]

## II.    Request for Attorney's Fees and Costs

In its Motion to Compel, Defendant also seeks "reasonable costs and attorney's fees incurred in bringing this Motion to Compel" because "Plaintiff and his counsel had the opportunity to obviate the need for this Motion."[20] According to Federal Rule of Civil Procedure 37(a)(5)(A):

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

---

[18] R. Doc. 47 at 1.
[19] In the prior deposition of Plaintiff, Nationstar's questions included, for example, "Did your counsel suggest that you seek counseling from somebody who could serve as an expert in a lawsuit prior to you starting your sessions with Dr. Spruiell?" and "What has your attorney told you about your chance of success at trial in this lawsuit?" R. Doc. 53 at 4; R. Doc. 53-1 at 13, 15. Questions such as these do not pertain to Plaintiff's disclosures and are not covered by this Order.
[20] R. Doc. 47-1 at 5.

>expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>(iii) other circumstances make an award of expenses unjust.

Although the Court is granting Defendant's Motion to Compel in part, it finds that other circumstances here preclude an award of attorney's fees and/or costs. As explained in the Advisory Committee Note for the 1970 Amendment to Rule 37, "[o]n many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court," and continues that "[i]n such cases, the losing party is substantially justified in carrying the matter to court." While Defendant claims Plaintiff could have obviated the need for this Motion, the Court finds that the response of Plaintiff and Plaintiff's counsel to the questions in the deposition was substantially justified, particularly as the waiver alleged by Nationstar is broader than that determined by this Court. *See Nguyen*, 197 F.3d at 208 ("Because of the importance of the attorney-client privilege, we pause to reaffirm that the privilege serves the valuable purpose of encouraging full and frank communication between clients and their attorneys, thereby promoting the broad public interests in the observance of law and the administration of justice."); *Jolivet v. Compass Group USA, Inc.*, ---F.R.D.---, 2021 WL 5176930, at *23 (N.D. Tex. Sept. 14, 2021) (recognizing "[t]he attorney-client privilege is an important doctrine"). As such, the Court here invokes the exception found in Rule 37(a)(5)(A)(iii) and declines to award Defendant its attorney's fees or costs associated with filing this Motion.

**III.    Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant Nationstar Mortgage LLC's Motion to Compel Discovery Responses (R. Doc. 47) is **GRANTED** to the extent set forth in this Order.

**IT IS FURTHER ORDERED** that Defendant Nationstar Mortgage LLC's Motion to Compel (R. Doc. 47) is **DENIED** to the extent Defendant seeks reasonable costs and attorney's fees associated with the instant Motion to Compel.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii) (circumstances make an award of expenses unjust).

Signed in Baton Rouge, Louisiana, on February 8, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**